

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 29, 1957

Honorable Jesse James
State Treasurer
Capitol Station
Austin, Texas

Dear Mr. James:

Opinion No. WW-11

Re: Whether the Housing
Authority Bonds held
by the First National
Bank of Memphis, Texas,
are eligible as collat-
eral for State Funds.

Your recent letter presents the question of whether bonds
issued by a Public Housing Authority may be used as collat-
eral to secure the deposit of State funds.

Article 2529, V.C.S., is the statute which permits a deposi-
tory of State funds to post a surety bond or pledge certain
types of securities as collateral for State deposits. None
of the enumerated types of securities will cover the obli-
gations issued or to be issued by a Public Housing Authority
unless the language "all other bonds which are guaranteed as
to both principal and interest by the United States" is ap-
plicable.

The Housing Authority bonds tendered were issued pursuant to
the provisions of Chapter 8, of Title 42, U. S. C. A. Under
Sections 1410 and 1421(a) of that chapter, the United States
may obligate itself to guarantee that annual contributions
will be made to supplement local funds in an amount not to
exceed the principal and interest to become due. The contract
between the Federal Government and the Public Housing Authority
may provide that the interest and sinking fund will be used
for the purpose of paying the obligation, but this payment of
the obligation is not guaranteed by the United States Govern-
ment. Accordingly, the bonds are not eligible as collateral
for State deposits under the provisions of Article 2529, V.C.S.,
since the quoted language, when taken with the other language
of the Act, evidences a clear intent that the payment of the
principal and interest must be the obligation guaranteed by
the Federal Government.

The State Depository Law, insofar as the enumerated eligible
securities are concerned, is the general law, and where a

special act states that an additional security may be used
as collateral, that special act will be treated as an ex-
ception to the normal rule in order that both enactments
may apply to their appropriate spheres. Simpson v. Booth,
163 S.W. 2d 1080 (Tex.Civ.App., 1942) error ref.;  39 Tex.
Jur., "Statutes" Secs. 81,82.  In 1939, the Legislature of
Texas, 46th Legislature, page 427 (codified by Vernon as
Article 1269k-1) passed such a special statute, which reads,
in part:

> "Notwithstanding any restrictions on in-
> vestments contained in any laws of this
> state, the state and all public officers
> . . . may legally invest any sinking funds
> . . . in any bond . . . issued by a housing
> authority pursuant to the Housing Authority
> Law (Article 1269k, V.C.S.) . . . or issued
> by any other public housing authority or
> agency in the United States, when such bonds
> . . . are secured by a pledge of annual con-
> tributions to be paid by the United States
> Government or any agency thereof, and such
> bonds . . . shall be authorized security for
> all public deposits . . ." (Emphasis supplied)

The caption of the act reads, in part, as follows:

> "An act to provide that bonds and other
> obligations issued by any public housing
> authority or agency in the United States,
> when secured by a pledge of annual contri-
> butions to be paid by the United States
> Government, shall be security for all pub-
> lic deposits and legal investments for the
> state and public officers . . ." (Emphasis
> supplied).

The effect of the 1939 statute is to add, by special enact-
ment, an additional type of eligible security as collateral
for state deposits.  In no other manner are the provisions
of Article 2529, V.C.S. affected.  Upon the basis of the
information which has been furnished to this office, we are
unable to determine whether availability of the entire prin-
cipal and interest requirements of these particular bonds
is the subject of the guarantee by the Federal Government
as permitted, but not required, by the provisions of Chap-
ter 8 of Title 42, U. S. C. A.

Accordingly, you and the State Depository Board are respectfully advised that the obligations may be accepted as collateral for state deposits only if the Federal Government guarantees that annual contributions will be made, sufficient to supplement local funds, so as to meet the principal and interest requirements of the particular bonds tendered as the same shall become due. Each bond transcript will have to be examined individually to determine if this requirement has been met.

## SUMMARY

Public Housing Authority bonds, issued pursuant to Chapter 8 of Title 42, U.S.C.A., may be used as collateral for state deposits under Article 1269k-1, V.C.S., only if the particular bonds are secured by a pledge of annual contributions by the Federal Government or agency thereof. We have not been supplied with the transcript authorizing the issuance of these bonds and, therefore, can not pass upon your direct question. The provisions of Article 2529, as modified by Article 1269k-1, V.C.S., prescribing the limitations and conditions upon the deposit of collateral securities are applicable to such bonds.

Very truly yours,

WILL WILSON
Attorney General

By *Elbert M. Morrow*

Elbert M. Morrow
Assistant

EMM-s

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman